UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KRZYSZTOF G. SOBCZAK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 5550 |
| | ) | |
| DONALD C. WINTER, Secretary of the | ) | |
| Navy; JAMES T. CONWAY, Commandant | ) | |
| of the United States Marine Corps, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Donald C. Winter ("Winter") to transfer this case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, or in the alternative, to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. For the following reasons, the motion to transfer is granted.

## BACKGROUND

Plaintiff Krzysztof Sobczak ("Sobczak"), a discharged military officer, seeks both legal damages and equitable relief for what he perceives as improper procedures used against him during his dismissal from the United States Marine Corps. Sobczak attempts to invoke the court's jurisdiction pursuant to the Administrative Procedures

Act[1] ("APA"), 5 U.S.C. § 706. He also enumerates 28 U.S.C. §§ 1331, 1361, 1367, and 2201-02 as applicable jurisdictional statutes entitling him to redress in this court.

According to the allegations of the complaint, during Sobczak's active service with the military, he was charged with violating an unspecified rule. The ensuing administrative proceedings resulted in Sobczak's involuntary dismissal. Winter, a named party, is the Secretary of the Navy. James Conway is the Commandant of the U.S. Marine Corps and also a named party. For the purposes of this decision, we will use Winter as the primary party whom Sobczak alleges violated his rights. Sobczak asserts that his dismissal should be set aside because Winter violated military procedures at the Board of Inquiry ("Board") by denying the following requests: (1) access to relevant documents to prepare a defense; (2) opportunity to confront witnesses testifying against him; and (3) a continuance that would have permitted Sobczak time to assemble his defense. Sobczak appealed the Board's ruling to the Secretary of the Navy ("Navy"), which affirmed its findings. Moreover, Sobczak contends that the record submitted to the Navy was insufficient because it inaccurately stated his position, further abusing the procedural law governing these types of military actions.

---

[1]The APA provides judicial review to an aggrieved party of an agency decision. *See* 5 U.S.C. § 702.

Sobczak advances three discrete claims for relief. He initially sought injunctive relief to enjoin Winter from dismissing him from active service until all laws and procedures were followed. The court denied this request on September 30, 2008. In addition, Sobczak seeks a declaratory judgment overturning the earlier administrative proceedings and ordering a new trial before the military administrative agency. Finally, he seeks money damages for ninety days of leave he claims to have earned[2] totaling $30,000; he also requests front pay and retirement benefits in an amount of $3,000,000 to $5,000,000.

Winter responded by filing the instant motion to transfer the case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 for want of jurisdiction, or in the alternative, to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**LEGAL STANDARD**

**I. Transfer of Venue to Cure Want of Jurisdiction**

Where a civil action is filed to review an administrative determination, transfer of such action to any other such court in which the action could have been filed is permitted in the interest of justice. 28 U.S.C. § 1631. The language employed in the

---

[2]Sobczak relies on 10 U.S.C. § 1142 in asserting that he is entitled to ninety days leave.

statute furnishes a court that lacks jurisdiction over an action with a choice between transfer and dismissal. *See Britell v. United States*, 318 F.3d 70, 72-76 (1st Cir. 2003). A court desirous of transferring a case should not dismiss for lack of jurisdiction but rather transfer based on that finding. *Subslave U.S.A Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 43 (1st Cir. 2006).

## II. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is to dismiss claims over which the court lacks subject-matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R. R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The party asserting federal jurisdiction bears the burden of establishing that it is present. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff must support his allegations with competent proof of jurisdictional facts. *Thomson v. Gaskillwsa*, 315 U.S. 442, 446, 62 S. Ct. 673 (1942). With these principles in mind, we turn to the instant motion.

## DISCUSSION

Winter moves the court to transfer Sobczak's case to the Court of Federal Claims, or alternatively dismiss it for lack of subject-matter jurisdiction. On September 29,

2008, Sobczak lodged his complaint against the federal government[3] for conduct arising out of his discharge from the Marine Corps. The federal government is sovereign; therefore, it is immune from suit unless it consents to be sued. *See Hercules, Inc. v. United States*, 516 U.S. 417, 422, 116 S. Ct. 981, 985 (1996). The general jurisdiction statutes Sobczak identifies in his complaint do not independently waive sovereign immunity. *Arvanis v. Noslo Engineering Consultants, Inc.*, 739 F.2d 1287, 1290 (7th Cir. 1984). However, Sobczak asserts jurisdiction under the APA, which does waive sovereign immunity in actions "seeking relief other than money damages" from a federal agency. 5 U.S.C. § 702. For a cause to be reviewable under the APA, there cannot be an adequate remedy available in another jurisdiction. 5 U.S.C. § 704. The federal government also waives sovereign immunity through the Tucker Act, 28 U.S.C. § 1491(a), which provides that the Court of Federal Claims shall adjudicate certain claims involving money damages against the Unites States. These claims may include contract disputes or liquidated damages claims. Since Sobczak seeks a hybrid of money damages and equitable relief, 28 U.S.C. § 1491(a)(2)[4] expressly bestows power upon

---

[3]Winter is a representative of the federal government. To the extent that the government has sovereign immunity, it is imputed to Winter.

[4]The statute reads "To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official in the United States."

the Court of Federal Claims to grant such relief. In deciding whether this court can maintain jurisdiction, we assess whether Sobczak's claim sounds in equity or legal damages and contemporaneously evaluate the existence of an alternative forum.

Sobczak contends that he primarily seeks equitable relief and that the only monetary damages sought are payments that he would have prospectively earned with the military had they not discharged him. Specifically, he asserts that Winter failed to comply with certain policies and procedures, which led to an unfair dismissal. According to Sobczak, reinstatement, back pay, and injunctive relief are equitable remedies forming the essence of his complaint. He argues any money damages awarded would flow as a natural result from the underlying requested equitable relief. *See Bowen v. Massachusetts*, 487 U.S. 879, 893, 108 S. Ct. 2722, 2731-32 (1988). Relying on *Bowen* to advance his contention that he merely seeks equitable relief, Sobczak argues that he was owed leave by virtue of the pre-separation counseling prescribed under 10 U.S.C. § 1142. Sobczak reads the statute to prevent the military from discharging him until ninety days after counseling began during which he would continue to earn income.

In *Bowen*, the Supreme Court addressed the limitations imposed by 5 U.S.C. § 702. *Id.* at 895, 108 S. Ct. at 2732. Interpreting and clarifying the statute, the court held that "money damages" are compensatory in nature and awarded to substitute a

plaintiff for a suffered loss. *Id.* On the other hand, equitable remedies such as specific performance are not characterized as substitute remedies, "but attempt to give the plaintiff the very thing to which he was entitled." *Id.* At issue in *Bowen* was whether a federal district court had jurisdiction to review a final order of the Secretary of Health and Human Services refusing to reimburse the state of Massachusetts for a category of expenditures under its medicaid program. *Id.* at 882, 108 S. Ct. at 2726. The court ruled that Massachusetts did not seek compensation for the federal government's failure to pay grant-in-aid money as mandated by statute; rather, it sought to enforce the statutory mandate itself, which coincidentally was for the payment of money. *Id.* at 900, 108 S. Ct. at 2735. The court found that Massachusetts could not obtain an adequate remedy in the Court of Federal Claims because of "complex questions of federal-state interaction" and the Court of Claims lacked expertise with "general equitable powers." *Id.* at 905, 908, 108 S. Ct. at 2737-39.

Sobczak claims that his request for payment for income is akin to the state's request for reimbursements owed in *Bowen* in that he is seeking to enforce the statutory provisions of ninety days of pre-separation counseling rather than a claim of damages. However, Sobczak does not enumerate any statutory provision requiring Winter to pay him during the ninety days of pre-separation counseling. The court does not read

*Bowen* to favor Sobczak's proposal that we should enforce a promise to pay that neither Winter nor a statute mandated.

Despite his arguments to the contrary, Sobczak's complaint is not primarily concerned with seeking a return of money to which he is entitled. He seeks compensation as a substitute for allegedly being wrongfully terminated by the military. Furthermore, Sobczak claims front pay and retirement benefits in the amount of $3,000,000 to $5,000,000. Front pay is a substitute for reinstatement designed to compensate a plaintiff for the reasonable time it would take the plaintiff to find a comparable job. *See Schick v. Illinois Dep't of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002). Assuming Sobczak lost his request for reinstatement, his alternative award would be compensatory damages via front pay. Furthermore, we cannot accurately predict whether he would be successful in finding comparable employment outside the military. Either way, Sobczak prospectively seeks an award of money— compensation and not equitable relief. We find that Sobczak's specificity for money damages comprises a large enough portion of the relief requested that the APA is inapplicable and the court does not have subject-matter jurisdiction over his claims.

Winter points to *Mitchell v. United States* to support a finding that the Court of Federal Claims can offer Sobczak an adequate remedy. 930 F.2d 893 (Fed. Cir. 1991). In *Mitchell*, the plaintiff was a discharged Lieutenant Colonel who sued the Air Force

Reserve in district court for reinstatement and back pay. The district court denied the government's motion to transfer to the Court of Federal Claims, precipitating an appeal to the Federal Circuit.[5] The Federal Circuit evaluated the *Bowen* decision and determined that the § 704 of the APA barred Mitchell's claim regardless of whether his claim could be considered "specific relief." *Id.* at 896. It held that the Claims Court may provide an entire remedy including reinstatement in appropriate military back pay cases. *Id.* The court noted that Court of Federal Claims is best suited to preside over military back pay cases, having done so since the nineteenth century. *Id.*

We defer to a case in our circuit that has encountered a similar circumstance. Addressing the issue of challenging a military dismissal, the Seventh Circuit found that it presented a nonjusticiable issue for the district courts. *See Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 771 (7th Cir. 1993). The court reasoned that a district court's review of a military decision would undermine military discipline and decisionmaking or impair training programs. *Id.* It held that it is best left to the superior expertise of the military to decide matters of duty retention. *Id.* We find no reason to deviate from this proposition. The Court of Federal Claims will provide broader expertise in resolving Sobczak's case.

---

[5]The Federal Circuit hears appeals from decisions of district courts granting or denying motions to transfer to the Court of Federal Claims. *See* 28 U.S.C. § 1292(d)(4)(A).

## CONCLUSION

Since the court does not have jurisdiction pursuant to the APA, the motion to transfer this case to the Court of Federal Claims is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  December 16, 2008